## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| DUVELZA ESPERANZA RODRIGUEZ | § | |
| | § | |
| V. | § | A-13-CV-708-AWA |
| | § | |
| CAROLYN W. COLVIN, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are: Plaintiff's Complaint seeking reversal of the Social Security Administration's final decision (Dkt. No. 5); Plaintiff's Brief in Support of Claim (Dkt. No. 19); and Defendant's Brief in Support of the Commissioner's Decision (Dkt. No. 21). Also before the Court is the Social Security record filed in this case (Dkt. No. 15) (cited as "Tr.").

### I.  General Background

Plaintiff Duvelza Esperanza Rodriguez ("Rodriguez") filed her application for disability insurance benefits on May 24, 2011, alleging a disability onset date of July 31, 2011.[1]  Tr.  28-29, 119.  The Administration denied her claim initially and again upon her request for reconsideration. Tr.  11.  An Administrative Law Judge ("ALJ") held a hearing on the matter on March 4, 2013.  Tr. 25.  At the hearing, the ALJ heard testimony from Rodriguez, a medical expert, and a vocational expert; Rodriguez was represented by an attorney. Tr. 11. The ALJ determined that while Rodriguez did not have the residual functional capacity to perform a full range of sedentary work, she was able to perform her past relevant work as a legal secretary and court clerk. Tr.  15, 19.  Accordingly, the ALJ held that Rodriguez was not disabled as defined by the Social Security Act. Tr.  19.

---

[1]Rodriguez's onset date was amended from January 1, 2010, to July 31, 2011, at the March 4, 2013, hearing.  Tr.  28-29, 119.

## II.  Definitions and Legal Standards

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To determine if a claimant is disabled the Commissioner uses a five-step analysis:

1.   a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2.   a claimant will not be found to be disabled unless he has a "severe impairment";

3.   a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4.   a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5.   if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1520.  A finding of disability or no disability at any step "is conclusive and terminates the analysis."  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).  The claimant has the burden of proof for the first four steps; however, at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing.  *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).  If the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternate work."  *Id.* (internal quotation marks omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted). The Court considers "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Id.* at 174. However, a reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); *see also* 42 U.S.C. § 405(g).

### III.  The ALJ's Findings

The ALJ employed the regulations' five-step sequential evaluation process to determine whether Rodriguez was disabled. Tr. 11-14. At the first step, the ALJ determined that Rodriguez had not engaged in substantial gainful activity since July 31, 2011. Tr. 13. At the second step, relying on *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the ALJ found that Rodriguez suffered from the following "severe" impairments:

> Back Disorder – Cervical and Lumbar Areas of the Spine; Benign Hypertension; Obesity;
> Fibromyalgia: Status Post Rotator Cuff Repair (Asympotomatic); Left knee Degenerative
> Joint Disease; Status Post Right Leg Pain; and Mild Major Depressive Disorder.

Tr. 13. At step three, the ALJ found that, considered separately and in combination, Rodriguez's impairments did not meet or medically equal the severity criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526). Tr. 14. The ALJ determined that the Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a). Tr. 15. The ALJ found, among other things, that Rodriguez can "sit six hours in an eight-hour workday, with a sit/stand option at hourly intervals" but is "limited to understanding, remembering, and carrying out detailed and complex tasks/instructions." Tr. 15. However, at step four, the ALJ determined that the Plaintiff's RFC would not prevent her from performing her past relevant work, thereby ending the inquiry. Tr. 19. The ALJ held that Rodriguez's previous work as a legal secretary and court clerk "does not require the performance of work-related activities precluded by the claimant's residual functional capacity." Tr. 19. Accordingly, the ALJ found that Rodriguez was not disabled as defined by the Act. Tr. 19.

## IV. Analysis

Rodriguez argues that the ALJ's decision is not supported by substantial evidence. In particular, she argues that in determining her RFC, the ALJ failed to: (1) properly accommodate her moderate limitation in concentration, persistence and pace; (2) give her treating physician's opinion the proper weight; and (3) accommodate her regular use of a cane to move around. Dkt. No. 19 at 4, 6, 7. Each is discussed in detail below. Ultimately, the Court finds that the ALJ's finding that Rodriguez was not disabled under the Act was supported by substantial evidence.

4

### A.     Rodriguez's Moderate Limitation in Concentration, Persistence and Pace

Rodriguez alleges that the ALJ failed to properly accommodate her mental limitations in his RFC findings.  In particular, Rodriguez argues the ALJ failed to consider (1) the effect her physical pain had on her ability to concentrate, and (2) her examining psychologist's opinion that her psychological problems significantly affect her occupational functioning.

The determination of an applicant's RFC is an issue reserved to the Commissioner.  20 C.F.R. § 404.1527(d)(2).  RFC's are "not medical opinions . . . they are administrative findings." 20 C.F.R. § 404.1527(d).  Nonetheless, in determining an applicant's RFC the Commissioner will "use medical sources, including [an applicant's] treating source, to provide evidence, including opinions, on the nature and severity of [an] impairment."  Generally, the Fifth Circuit has established that the opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability.  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  However, "[e]ven though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status."  *Id.*; *see also Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (internal quotations omitted).  "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Newton*, 209 F.3d at 455.  Opinions of the claimant's treating physician are not conclusive.  *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999).

Rodriguez testified that pain affects her ability to concentrate.  The pain is so strong at times that she finds herself rereading the same page of a book three to four times before realizing what she has done.  Tr. 45.  Her inability to focus extended to her work, where for the last six to eight months her pain was so great that she had difficulty concentrating enough to complete tasks.  Tr. 161, 162.

Dr. Norwood, a consultative examining psychologist, examined Rodriguez on October 26, 2011, and diagnosed her with mild, recurrent, major depressive disorder.  Tr. 515.  As a result of her disorder, Rodriguez had, in Dr. Norwood's estimation, "psychological problems that significantly affect her social, interpersonal relationships, and occupational functioning."  Tr. 514. He assigned her a Global Assessment Functioning score of 58, which usually indicates moderate symptoms, such as occasional panic attacks, or impairment in social, occupational, or school functions. Tr. 515; Diagnostic And Statistical Manual of Mental Disorders - Text Revision p. 34 (4th ed. 2000).  When this evidence is given its proper weight, Rodriguez argues, it is clear that she has a mental impairment that more severely limits her ability to work than the ALJ's determination reflects.

Rodriguez is mistaken.  First, the ALJ stated in his decision that he had considered Dr. Norwood's report when he determined Rodriguez's RFC.  Tr. 18.  Dr. Sutherland, who testified at the hearing, also based his opinion on Dr. Norwood's report. Tr. 36-37.  Second, the Commissioner argues rightly that Rodriguez's reliance on Dr. Norwood's GAF score of 58 is misplaced.  A GAF does not represent a medical opinion regarding any specific limitations, nor does it "directly correlate with an individual's ability to work." *Fogle v.  Comm'r of Soc.  Sec.  Admin.,* No.  4:12-CV-325, 2014 WL 106524, at *3 (E.D. Tex.  Jan.  10, 2014).  It merely places a patient on a continuum of mental health.  American Psychiatric Ass'n, *Diagnositc and Statistical Manual of Mental Disorders* 34 (4th ed. Text Revision 2000).  Indeed, even faced with a low GAF score, an ALJ may still find a claimant is not disabled.  *See Zimmerman v. Astrue,* 288 Fed.  Appx. 931, 936-37 (5th Cir.  2008).

Moreover, the narrative portion of Dr. Norwood's report supports neither a GAF of 58, nor a finding that Rodriguez is disabled under the Act.  *See* Tr. 514 (Mental Status Examination report by Dr. Norwood).  Dr. Norwood found Rodriguez had normal speech and reported social interactions

6

with friends and fellow churchgoers–characteristics  inconsistent with a GAF of 58, and indicative

of an ability to function in the workplace.  *Id.*  Those findings, as well as others related to

Rodriguez's behavior, mood, thought processes, memory, attention and concentration, all support

Dr. Sutherland's testimony that Rodriguez's mental functioning was "pretty good" with only mild

limitations in concentration. Tr. 36-37. The ALJ's reliance on Dr. Sutherland's testimony, based as

it was on Dr. Norwood's examination report, was reasonable.   Accordingly, the ALJ's RFC

determination was supported by substantial evidence.

**B.     Weight Given to the Opinion of Rodriguez's Treating Physician**

Next, Rodriguez argues that the ALJ did not give proper deference to her treating physician's

opinion regarding her physical limitations.  She argues that the ALJ ignored the physician's opinion

entirely without sufficient rationale or explanation–"playing doctor" and substituting his opinion for

that of a medical professional.  Treating physicians' "opinions about the nature and severity of an

individual's impairment(s) are entitled to special significance; sometimes the medical opinions of

treating sources are entitled to controlling weight." Titles II & XVI: Med. Source Opinions on Issues

Reserved to the Comm'r, SSR 96-5P (S.S.A. July 2, 1996).  Indeed, "an ALJ may not reject a

medical opinion without an explanation and must show good cause for doing so. *Butler v.  Barhart*,

99 Fed.  App'x 559, 560 (5th Cir.  2004).

However, as noted above, determinations of a claimant's RFC and whether that claimant is

disabled are reserved to the Commissioner. 20 C.F.R. § 404.1527(d).  And in fact,

> treating source *opinions on issues that are reserved to the Commissioner* are never entitled
> to controlling weight or special significance. Giving controlling weight to such opinions
> would, in effect, confer upon the treating source the authority to make the determination or
> decision about whether an individual is under a disability, and thus would be an abdication
> of the Commissioner's statutory responsibility to determine whether an individual is disabled.

SSR 96-5P (emphasis added).  Thus, while a treating physician's opinion of a claimant's medical condition may carry particular weight when compared with other medical opinions, a treating physician's opinion regarding a claimant's residual functional capacity or disability status does not.

The ALJ reviewed a letter from Rodriguez's treating physician, Dr. Nguyen, but gave it little weight because he found it at odds with the treatment record.  Tr. 16.  In his letter, Dr. Nguyen noted that a botched surgery had resulted in debris from an angioseal remaining in Rodriguez's body, causing her to have "a persistent pseudoaneurysm and debility of right groin and leg pain." Tr. 476. He concluded that Rodriguez's "functional capacity remains limited" and stated that he "support[s] her decision to apply for medical disability." *Id*.

Dr. Nguyen's letter stated that he had examined Rodriguez on May 17, 2011.  Tr. 476.  But the Office Note detailing that examination states that Rodriguez denied having any symptoms. Tr. 741.  The ALJ noted the inconsistencies in his decision, and held that as a result Dr. Nguyen's letter "carries little weight."  Tr. 16.  Thus, while the ALJ rejected Dr.  Nguyen's letter, he did so with good cause, which he explained in his opinion.  Moreover, Dr.  Nguyen's opinion that Rodriguez's functional capacity was limited and that he supported her decision to apply for disability carries no special significance, as such determinations are reserved to the commissioner.  Finally, Dr. Nguyen's letter does not present a direct conflict with the ALJ's decision.  The letter itself does not include any substantive findings regarding Rodriguez's functional abilities, but rather only finds that her "functional capacity remains limited." Tr. 476. The ALJ's finding that Rodriguez is limited to less than a full range of sedentary work is consistent with Dr. Nguyen's statement, and is supported by substantial evidence.

**C.      Consideration of Rodriguez's Cane Use**

Finally, Rodriguez argues that the RFC finding failed to include an accommodation for Plaintiff's need to use a cane.  Tr. 15-19.  She notes that the vocational expert testified that her past relevant work required occasionally carrying files or pushing a cart with files or a docket book, such that "use of the cane on an ongoing basis . . . would interfere with the performance of these jobs." Tr. 55.  RFC's should take account of all of a claimant's impairments, "even those that are not severe," taking account of the different effects different impairments may have on different people. 20 C.F.R. § 404.1545(e).

However, at the March 4, 2013, hearing, the ALJ acknowledged that Rodriguez used a cane. Tr. 46. The ALJ also made sure to include cane use in the hypothetical posed to the vocational expert.  Tr. 54-55.  Thus, while the ALJ made no mention of the cane in his final decision, it is reasonable to conclude that he at the very least considered Rodriguez's cane use in determining her RFC.  Indeed, the ALJ found that Rodriguez is limited to less than a full range of sedentary work. Tr. 15.  Considering that such work by definition requires only occasional standing or walking, Rodriguez's cane use would not substantially interfere with her duties.  *See* 20 C.F.R. § 404.1567(a) (sedentary work requires only occasional standing and walking).  The ALJ's decision properly accommodated Rodriguez's cane use, and is supported by substantial evidence.

**V.  Conclusion**

In summary, the ALJ applied the proper legal standards to Rodriguez's case, and her findings are supported by substantial evidence in the record.  More specifically, the ALJ (1) accommodated Rodriguez's moderate limitation in concentration, persistence, and pace in her mental RFC assessment; (2) relied on substantial evidence in discounting the opinion of Rodriguez's treating

physician; and (3) properly accommodated Rodriguez's use of a cane.  As such, Rodriguez has failed to establish grounds for relief.

For the foregoing reasons, it is ORDERED that the decision of the Commissioner of the Social Security Administration to deny disability insurance benefits to Duvelza Esperanza Rodriguez is hereby AFFIRMED.

SIGNED this 15 day of April, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE